IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAVIND ROUSHAN DEO,

    Petitioner,                        No. CIV S-08-3145 FCD DAD P

    vs.

M. MARTEL, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 11, 2009, the undersigned ordered respondent to file a response to the petition. On May 7, 2009, respondent filed a motion to dismiss the petition, arguing that petitioner had failed to exhaust all of his federal constitutional claims by presenting them first to the California Supreme Court. Petitioner has not filed an opposition to the motion.[1]

---

[1] On June 16, 2009, the undersigned issued an order to show cause, ordering petitioner to file an opposition to respondent's motion to dismiss within twenty days and warning petitioner that failure to do so could "be deemed a waiver of any opposition to the granting of the motion." In response to the court's order, petitioner filed a motion seeking clarification. On July 15, 2009, the court issued an order explaining to petitioner that respondent had filed a motion to dismiss his petition due to his alleged failure to exhaust his claims in state court and cautioning him that he was required to file an opposition to respondent's motion within thirty days explaining why the court should not dismiss his petition. Again, petitioner has failed to file an opposition to respondent's motion. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

**BACKGROUND**

On March 30, 2004, a Sacramento County Superior Court jury convicted petitioner on fifty-five criminal counts (including multiple counts of forcible rape in concert, attempted forcible sodomy in concert, and sexual battery) in connection with the serial gang rape of six different victims. The jury also found a number of sentencing enhancement allegations to be true. Pursuant to the jury's verdict, the trial court sentenced petitioner to an aggregate determinate term of 174 years in state prison plus an indeterminate term of 140 years to life in state prison. On June 13, 2008, the California Court of Appeal for the Third Appellate District struck the use of a firearm enhancements with respect to twelve of the counts of conviction and remanded the action for resentencing on those counts but otherwise affirmed petitioner's judgment of conviction. On June 27, 2008, petitioner filed a petition for rehearing. On July 14, 2008, the California Court of Appeal modified its opinion in a few minor respects but otherwise denied the petition for rehearing. There was no further modification of the judgment. On October 1, 2008, the California Supreme Court denied review. (Pet. at 2; Resp't's Lodged Docs. 1-14.)

On December 23, 2008, petitioner commenced this action by filing a federal petition for writ of habeas corpus setting forth six claims. Shortly thereafter, petitioner filed a memorandum of points and authorities setting forth five additional claims. In total, petitioner has, in one way or another, asserted the following eleven grounds for habeas relief: (1) there was insufficient evidence to support his convictions with respect to victim Lori S.; (2) there was insufficient evidence to support his convictions with respect to victim Chimere W.; (3)  there was insufficient evidence to support his convictions with respect to victim Jennifer S.; (4) there was insufficient evidence to support his convictions with respect to victim Nanette S.; (5) there was insufficient evidence to support his convictions with respect to victim Rebecca J.; (6) there was insufficient evidence to support his convictions with respect to victim Avon T.; (7) the trial court denied petitioner his right to due process when it overruled his "<u>Kelly</u> prong one" challenge and

erroneously found that the scientific community generally accepts varying thresholds for the peak heights of relevant fluorescent units particularly in mixed-source DNA samples; (8) the trial court denied petitioner his right to due process when it erroneously ruled that the Sacramento County crime lab properly tested and interpreted the peak heights of alleles ("a Kelly prong three challenge"); (9) the trial court denied petitioner his right to due process when it overruled another of his "Kelly prong one challenges" and erroneously found that the scientific community generally accepts STR-DNA typing of mixed forensic samples of unknown origin and number and permits a known victim's genotype to be "subtracted out" of such mixtures before calculating the random match probabilities; (10) the trial court denied petitioner his right to due process when it erroneously ruled that the Sacramento County crime lab properly calculated the match probabilities for mixed samples (another "Kelly prong three challenge"); and (11) the trial court denied petitioner his right to due process when it erroneously ruled that, in accordance with "Kelly's prong one," the relevant scientific community generally accepts the use of unique ethnic databases for determining the significance (the "probability"), of a DNA-typing "match" for forensic identification. (Pet. Attach. at 1-15 & Mem. of P. & A. at 1-82.)

## RESPONDENT'S MOTION TO DISMISS

Respondent has moved to dismiss the pending habeas petition, arguing that it is a "mixed petition," containing both exhausted and unexhausted claims. Specifically, respondent argues that, although petitioner exhausted his claims challenging the use of DNA evidence, he failed to present any of his claims challenging the sufficiency of evidence to the California Supreme Court. Accordingly, respondent concludes that the court should dismiss the instant petition due to petitioner's failure to exhaust state court remedies. (Resp't's Mot. to Dismiss at 3-4.)

/////
/////
/////

**ANALYSIS**

I. Exhaustion of State Court Remedies

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20 F.3d 1469, 1473 (9th Cir. 1994).

II. Discussion

As noted above, petitioner has raised eleven grounds for habeas relief in his filings with this court. Claims one through six relate to the alleged insufficiency of evidence introduced at petitioner's trial. Claims seven through eleven relate to alleged errors in the admission of DNA evidence at his trial. After carefully reviewing petitioner's submissions to the California Supreme Court, the court finds that petitioner has failed to exhaust his first, fourth, and fifth sufficiency of evidence claims because he has not fairly presented the factual or legal basis for these claims to the California Supreme Court.[2] Accordingly, petitioner's federal habeas petition is a "mixed" petition, containing both exhausted and unexhausted claims.

A federal court cannot grant habeas relief based on a "mixed" petition. Typically, this court would provide petitioner an opportunity to inform the court as to how he wishes to proceed among several options. For example, a federal petitioner proceeding on a "mixed" petition may elect to seek an order granting a stay and abeyance to allow him to return to state court to exhaust his unexhausted claims, may elect to abandon his unexhausted claims and proceed solely on his exhausted claims, or may move to voluntarily dismiss the action and complete exhaustion of his unexhausted claims and then file a new federal petition presenting all of his exhausted claims. However, in this case, petitioner has failed to file an opposition to respondent's motion to dismiss nor has petitioner responded to this court's recent order directing

---

[2] The court rejects respondent's argument that petitioner has failed to exhaust his second and sixth federal claims challenging the sufficiency of the evidence admitted at his trial. In his petition for review filed with the California Supreme Court, petitioner argued in Claim IV, that he "was deprived of due process of law as to his convictions on Counts 18 through 26 inclusive (Chimere W.) and Counts 48 through 57 (Avon T.), inclusive, because the evidence supporting those counts was insufficient as a matter of law." (Resp't's Lodged Doc. 12 at 28-33.) Likewise, the court concludes that petitioner exhaust his third federal claim insofar as he is claiming therein that there was insufficient evidence introduced at his trial to convict him of the rape in concert of victim Jennifer S. Again, in his petition for review filed with the California Supreme Court, petitioner argued in Claim V, that his "rape in concert convictions are not supported by sufficient evidence: Appellant joints in argument II of appellant Singh's petition for review" challenging the sufficiency of evidence supporting convictions for rape in concert as to the victim identified as Jennifer S. (Id., Doc. 12 at 34.) Accordingly, these claims presented in the petition before this court have been properly exhausted in state court.

him to file a response to the motion. By failing to respond, petitioner has not indicated that he wishes to proceed with this action at all. In light of the analysis set forth above, as well as the circumstances of this case, the court will recommend that respondent's motion to dismiss be granted, and that petitioner's "mixed" habeas corpus petition be dismissed without prejudice.[3]

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 7, 2009 motion to dismiss (Doc. No. 14) be granted; and

2. Petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
deo3145.157

---

[3] Should petitioner file objections to these findings and recommendations and explain both his failure to oppose the motion to dismiss and failure to respond to this court's order of July 15, 2009, the undersigned will consider vacating these findings and recommendations and determining how petitioner wishes to proceed with this action, if at all.